IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KATHY M. STAMPS, | : | |
| | : | |
| **Plaintiff,** | : | **3:05-CV-40 (CAR)** |
| | : | |
| vs. | : | |
| | : | |
| LOUISE WATSON, as Tax Commissioner of | : | |
| Madison County and Individually, and | : | |
| MADISON COUNTY, GEORGIA, | : | |
| | : | |
| **Defendants.** | : | |

_____

*ORDER ON DEFENDANTS' PRE-ANSWER MOTION TO DISMISS*

Before the Court is Defendants Watson and Madison County, Georgia's Pre-Answer Motion to Dismiss [Doc. 5]. Plaintiff filed a response brief in opposition thereto [Doc. 11], and Defendants filed a brief in reply [Doc. 18]. Through the instant Motion, Defendants seek to have the Complaint filed by Plaintiff dismissed for failure to state a claim upon which relief can be granted. Because the Court finds that Plaintiff's claims fail as a matter of law, Defendant's Pre-Answer Motion to Dismiss [Doc. 5] is **HEREBY GRANTED**.

**BACKGROUND**

The facts as alleged by Plaintiff in her Complaint [Doc.1] are as follows. From June 8, 1998 to November 3, 2004, Plaintiff worked as a clerk in the Madison County Tax Commissioner's Office, and Defendant Louise Watson was Plaintiff's supervisor. Defendant Watson made all decisions concerning the office, and Plaintiff was not in a

1

decision making role in her position.

In April of 2004, Plaintiff entered the election for the position of Tax Commissioner against Defendant Watson, and Plaintiff informed Defendant Watson of her plans to do so. Plaintiff claims that during the election campaign she witnessed Defendant Watson actively campaigning contrary to Madison County personnel policy section eight which reads as follows:

> Political Activity: Employees of Madison County are encouraged to exercise their right to vote, but no employees shall make use of County time, equipment to aid a political candidate, political party, or political cause, or use a County position to persuade, coerce or intimidate any person in the interest of a political candidate, political party, or political cause.

Plaintiff did not report Defendant Watson's conduct at the time due to her fear that Defendant Watson would retaliate against her.

After Plaintiff returned from a vacation in July 2004, Defendant Watson began retaliatory actions toward Plaintiff by diminishing Plaintiff's office responsibilities and no longer providing her with annual training. Plaintiff claims that during the campaign, Plaintiff did not hold Defendant Watson in a derogatory, false, or harmful light and did not attack Defendant Watson in the performance of her duties. Plaintiff claims to have been always respectful of Defendant Watson's position as Tax Commissioner.

On November 2, 2004, following Defendant Watson's re-election to the office of Madison County Tax Commissioner, Defendant Watson reportedly said that she was going to "clean house." On November 3, 2004, Defendant Watson terminated Plaintiff from her employment with the Tax Commissioner's office on the grounds of insubordination. On November 15, 2004, Plaintiff requested an appeal of her termination before an impartial

tribunal to tell her side of the story.

Plaintiff filed her complaint on May 24, 2005 [Doc. 1] pursuant to 42 U.S.C. § 1983 alleging that Defendants violated her First Amendment right to free speech and her due process rights under the Fourteenth Amendment when Plaintiff was terminated from employment as a clerk in the Madison County Tax Commissioner's Office. Defendants filed the present Pre-Answer Motion to Dismiss [Doc. 5] on June 13, 2005.  Plaintiffs responded on June 22, 2005 [Doc. 11], and Defendant replied on July 18, 2005 [Doc. 18]. The Court will now address the present Motion to Dismiss.

## DISCUSSION

In ruling on a motion to dismiss, the Court will grant such a motion only when the movant demonstrates "beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Fed.R.Civ.P. 12(b)(6).  "The court must also view the facts in the light most favorable to the nonmoving party," and "[t]he court limits its consideration to the pleadings and exhibits attached thereto." Palmer & Cay, Inc. v. Marsh & McLennan Co., 404 F.3d 1297, 1303 (11th Cir. 2005) (internal citations omitted); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.2000).  The Court will now apply this standard to the facts as alleged by Plaintiff in ruling on Defendants' Motion to Dismiss.

## I.       Count One–Retaliation

In Count One of her Complaint [Doc. 1], Plaintiff alleges that Defendants retaliated against Plaintiff by diminishing her responsibilities in the office, ceasing to provide her

with annual training necessary for the performance of her duties, and unjustly terminating Plaintiff from employment.  Plaintiff claims that these retaliatory actions deprived her of her right to free speech under the First Amendment and her substantive due process rights under the Fourteenth Amendment to the United States Constitution. The Court will now determine if Plaintiff has set forth sufficient facts to possibly entitle her to relief as to each of these claims.

> ### A.       Freedom of Speech

Plaintiff claims that Defendant violated her free speech rights as guaranteed by the First Amendment by their allegedly retaliatory actions by diminishing her responsibilities, cessation of training, and her termination.  It is true that the government "may not deny a benefit to a person on a basis that infringes [her] constitutionally protected interests--especially, [her] interest in freedom of speech." Perry v. Sindermann, 408 U.S. 593, 597 (1972).  Continuation of employment is such a benefit.  Id. at 597-98.  Therefore, Defendants were not authorized to terminate Plaintiff for exercising her right to free speech without a showing that such termination was justified in light of the competing social interests at stake in that particular situation.  See Pickering v. Bd. of Educ., 391 U.S. 563, 568 (1968).

The Eleventh Circuit set forth a three-step test to be used when a public employee asserts a claim that she has been retaliated against for the exercise of her First Amendment rights: First, the public employee must show that the speech addresses a matter of public concern; second, the public employee must show that the speech was a "substantial or motivating" factor in the employment decision, and; third, when both of the first two

requirements have been established, the court will engage in the balancing test set forth in Pickering.  See Schneider v. Indian River Comm. Coll. Found., Inc., 875 F.2d 1537, 1542 (11th Cir.1989).  In examining this situation, the only action that Plaintiff states that she took to cause the retaliatory actions that could possibly be construed as speech is her candidacy for the office of Tax Commissioner against Defendant Watson.

The Court will now address the first step of the three-part test set forth above. Whether an employee's speech addresses a matter of public concern is determined by the content, form, and context of a given statement or action, as revealed by the record as a whole. Connick v. Myers, 461 U.S. 138, 147-48 (1983). Candidacy for office and participation in political activities are forms of expression protected by the First Amendment. United States v. Tonry, 605 F.2d 144, 150 (5th Cir.1979), *overruled on other grounds by* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93 (1998). Matters directly affecting an electoral campaign go directly to the heart of the democratic process. Eiland v. City of Montgomery, 797 F.2d 953, 958 (11th Cir.1986), *cert. denied*, 483 U.S. 1020 (1987). Viewing the facts of the present case in light of the relevant case law, the court finds that Plaintiff's speech involved in her candidacy does address a matter of public concern.

As to the second step of this analysis, while Defendants do not actually concede that the termination of Plaintiff occurred because Plaintiff ran against Defendant Watson in the Tax Commissioner election, the Court finds that the evidence taken most strongly in favor of Plaintiff would authorize the conclusion that Plaintiff's candidacy against Defendant Watson was the triggering cause of Plaintiff's termination. Therefore, the Court finds that

Plaintiff's opposing candidacy was a "substantial or motivating" factor in the employment decision.

Because it deems that elements one and two are present, the Court must now engage in the balancing test set forth in Pickering which is used to determine whether the employment decision in question was justified in light of the competing social interests at stake: the interest of the employee as a citizen in commenting upon matters of public concern and the interest of the government employer, in promotion the efficiency of the public services it performs through its employees. See Pickering, 391 U.S. at 568. When close working relationships are essential to fulfilling public responsibilities, a wide degree of deference to the employer's judgment is appropriate, and an employer need not allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action. Connick, 461 U.S. at 152.  The employer cannot be expected to "operate effectively while spending any significant amount of time worrying about any actual or threatened disruption of the conduct of the governmental operations for which [s]he is responsible due to any possible political sabotage" based on the fact that one lost a recent election or is seeking election in the future.  Zellner v. Ham, 735 F.Supp. 1052, 1055 (M.D.Ga.1990).

The Court notes that in the case of Terry v. Cook, 866 F.2d 373, 378 (11th Cir.1989), the Eleventh Circuit stated that the position of the sheriff's clerks traditionally revolve around limited objectives and do not require that those holding such positions function as the alter ego of the sheriff or ensure that the policies and goals of the office are implemented and remanded to the district court for a determination of the actual

6

responsibilities of each position to determine whether political loyalty is an appropriate requirement for the effective performance of those jobs.

However, the matter before this Court is not a case of Plaintiff's allegiance to another political party or of her support of another candidate running in opposition to her employer, like many of the cases in this area of the law, including <u>Terry</u>. The matter before this court involves the narrow issue of Plaintiff herself being the candidate having run in direct opposition to her employer for the job currently held by her employer. There appears to be a close working relationship between Plaintiff and Defendant in the matter before this court as Plaintiff alleges in her complaint that she and Defendant Watson worked in the same office, that Defendant Watson was Plaintiff's supervisor, and that Defendant Watson made all decisions in the office from which the Court infers that Plaintiff and Defendant Watson were required to frequently communicate about office matters requiring a decision.

Due to the close working relationship between Plaintiff and Defendant Watson, and the great potential for actual or threatened disruption of the fulfillment of the responsibilities and duties of the office of Tax Commissioner, the Court finds that Defendant Watson, as Plaintiff's employer, did not violate Plaintiff's First Amendment rights in terminating Plaintiff as an employee who had challenged her for the position currently held by Defendant. In accordance with the relevant case law and the discussion above, this court **GRANTS** Defendants' motion to dismiss as Count One's allegation that Plaintiff was terminated by defendant in violation of her free speech rights as guaranteed by the First Amendment.

### B.      Substantive Due Process Rights

Plaintiff's claims that Defendants retaliated against her all deal with the terms and conditions of her employment.  She claims that the change in her responsibilities, cessation of training, and termination all violated her substantive due process rights.  "Because employment rights are state-created rights and are not 'fundamental' rights created by the Constitution, they do not enjoy substantive due process protection" as alleged by Plaintiff. McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994).  Accordingly, Plaintiff cannot maintain a substantive due process claim for any alleged violation of her employment rights by Defendants, and this claim contained in Count One is **DISMISSED**.

## II.   Count Two–Procedural Due Process

In Count Two of her Complaint [Doc.1], Plaintiff alleges that Defendants failed to provide her with timely and proper pre- and post-deprivation hearings and thus, deprived Plaintiff of her procedural due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution.  The Court will now determine whether Plaintiff has alleged facts sufficient to show that she is possibly entitled to relief as to this claim.

In analyzing this claim, the Court must first determine whether Plaintiff possessed a property or liberty interest protected by the Fourteenth Amendment that requires due process.  Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972). Only "[o]nce it is determined that due process applies, the question remains what process is due." Morrissey v. Brewer, 408 U.S. 471, 481 (1972).  Therefore, the Court will examine whether Plaintiff had a Fourteenth Amendment protected interest in her employment.

The Court notes that:

[s]tate law determines whether a public employee has a property interest in

8

his or her job. . . . Under Georgia law, in the absence of a controlling contract between the parties, employment for an indefinite period is terminable at will by either party. Moreover, a public employee generally has no property right in such employment. A public employee who may be terminated only for cause, however, has a protected property interest in continued employment.  Warren v. Crawford, 927 F.2d 559, 562 (11th Cir.1991) (internal citations omitted).

Plaintiff does not allege in her complaint that she was under a contract for employment or any other reason that she was only to be terminated for cause to sufficiently show that she had a protect property interest in her continued employment that would entitle her to procedural due process.

Plaintiff states in her response that the Personnel Policy of Madison County was distributed and reviewed with her and other employees by Defendant Watson and that it provides for a hearing prior to termination, but Plaintiff does not say that this policy provides that she could not be terminated without cause. Also, Plaintiff did not include this policy in her pleadings or attach it as an exhibit so the Court cannot consider it on a motion to dismiss.  Grossman, 225 F.3d at 1231.  Plaintiff did not even attach this policy to her response so that the Court could give her the benefit of the doubt and consider the policy, even though it was outside the pleadings, by converting this to a motion for summary judgment. Accordingly to the pleadings and the evidence currently before the Court, Plaintiff has not shown that she had a protected property interest in her continued employment and therefore, no procedural due process rights for this claim.   Thus, Defendants have demonstrated that Plaintiff can prove no set of facts that would entitle her to relief on her claim for procedural due process in regards to her termination from employment, and Plaintiff's claim contained in Count Two of her complaint is

**DISMISSED**.

## CONCLUSION

Accordingly, having considered the facts as alleged by Plaintiff and the applicable law, the Court finds that Defendant has demonstrated that no set of facts as alleged by Plaintiff, even if proven, entitle her to relief on her claims set forth in Counts One or Two of her Complaint.  Accordingly, Defendant's Motion to Dismiss is hereby **GRANTED**, and Plaintiff's case is **DISMISSED**.

**SO ORDERED**, this 11th day of August, 2005.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

LTH

10